IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TONYA L. MCMILLER EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-027 |
| | ) | |
| ANDREW SAUL, Commissioner of Social | ) | |
| Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff submitted a letter to the Clerk of Court, describing her current medical condition and indicating she wants to add new medical evidence to the record. She attached thirty-six pages of medical documentation to her letter, all of which was dated after March 20, 2019. "If a litigant seeks judicial action of any sort . . . it must be contained within a motion arising from a properly filed lawsuit." In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000). It may not be requested in a personal letter. Id.

Thus, Plaintiff's letter is docketed to preserve the record, (doc. no. 21), but the Court will not accept Plaintiff's letter or the new medical documents in considering her appeal. Although the Court accepted Plaintiff's October 24, 2018 response to the Court's September 18, 2018 Report and Recommendation and a brief pursuant to the Court's August 31, 2018 Order, which both contained, in part, letters from Plaintiff to the Court, Plaintiff's filings

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Andrew Saul, Commissioner of Social Security Administration, as the proper Defendant.

contained the caption of the case and clearly showed she was responding to the Court as directed. (See doc. nos. 12-17.) However, Plaintiff's current letter is an improper attempt to supplement her brief and the evidence in this case, all in the form of a letter months after the deadline to reply to Defendant's brief. Should Plaintiff seek any future relief from this Court, she must file a properly captioned motion. She may not simply write letters to the Court. In the future, the Court will direct the Clerk to return Plaintiff's letters without docketing them.

Even if the Court were to accept Plaintiff's letter and new medical evidence, the Court would not be able to consider it because it was never presented at the administrative level. A reviewing court, when presented with new evidence that was never presented for review at the administrative level, may only consider whether the new evidence necessitates remand under sentence six of § 405(g); a reviewing court may not consider the new evidence in determining whether the Commissioner's final decision is supported by substantial evidence. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1267-68 (11th Cir. 2007); Norton v. Comm'r of Soc. Sec., 607 F. App'x 913, 917-18 (11th Cir. 2015); see also Wilson v. Apfel, 179 F.3d 1276, 1278-79 (11th Cir. 1999) (evidence attached to appellant's brief not properly before the court) (citing Cherry v. Heckler, 760 F.2d 1186, 1193 (11th Cir. 1985) (noting general principle that court's review is limited to certified administrative record)); Walters v. Barnhart, 184 F. Supp. 2d 1178, 1185 (M.D. Ala. 2001) ("The plaintiff submits to the Court medical records which she did not present to the ALJ or the Appeals Council in support of her disability claim. These records are not part of the administrative record for review by this court.").

Plaintiff has never asked for a sentence six remand, and even if she were requesting such, she would have to show "good cause" for failing to produce the new evidence at the administrative level. See Ingram, 496 F.3d at 1267. Plaintiff fails to provide any reason, much less "good cause," for her failure to produce the report. In sum, the new medical evidence in Plaintiff's letter would not be properly before the Court and could not afford Plaintiff a basis for remand.

SO ORDERED this 17th day of July, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA