IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TONYA L. MCMILLER EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-027 |
| | ) | |
| ANDREW SAUL, Commissioner of Social | ) | |
| Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Tonya L. McMiller Evans appeals the decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.     BACKGROUND**

Plaintiff protectively applied for DIB on January 22, 2014, and SSI on August 25, 2015, alleging a disability onset date of December 31, 2012. Tr. ("R."), pp. 17, 273-86. Plaintiff was forty-three years old on her alleged disability onset date and was forty-seven years old at the time the Administrative Law Judge ("ALJ") issued the decision under consideration. R. 273.

---

[1]Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Andrew Saul, Commissioner of Social Security Administration, as the proper Defendant.

Plaintiff had a previous disability application denied prior to the current applications under consideration. R. 323. In the current application, Plaintiff applied for disability benefits based on allegations of "rheumatoid arthritis neck down," gout, and heart problems. R. 335. Plaintiff graduated high school in 1989, completed cosmetology school in 1998, and, prior to her alleged disability, worked as a child care provider and a teacher's aide. R. 336.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 126-52. Plaintiff requested a hearing before an ALJ, (R. 159), and the ALJ held an initial hearing on September 14, 2016. R. 94-125. At the hearing, the ALJ decided additional evidence was needed and held a second hearing on January 26, 2017. R. 17, 50-68. The ALJ heard testimony from Plaintiff, who was represented by attorneys J. Frank Smith and Manning Miller, as well as Vocational Experts ("VE") Dennis Patrick Conroy and Tina Baker-Ivey. R. 17, 50-68, 94-125. On March 21, 2017, the ALJ issued an unfavorable decision. R. 14, 17-27.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since December 31, 2012, the alleged onset date. (C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe impairments: obesity, degenerative joint disease of the knees, and degenerative disc disease of the lumbar spine (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform [] sedentary work[2] as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except she can lift twenty pounds occasionally, [and] ten pounds frequently. During an eight-hour workday, she can sit for a total of eight hours, [and] stand for two hours total (ten to fifteen minutes at a time) during an eight-hour workday. She must avoid climbing ladders, ropes, or scaffolds, and crawling. She can occasionally climb stairs, stoop, crouch, or kneel.

5. Considering the claimant's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that the claimant can perform, (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).

R. 14, 17-27.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-4, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff does not make any specific argument whether the Commissioner's decision is supported by substantial evidence, but she does (1) request the Court review her case; and (2) consider newly submitted mental and physical medical evidence. See Pl.'s Br., doc. no. 16-1. The Commissioner maintains the administrative decision is supported by substantial evidence. See Comm'r's Br., doc. no. 18.

## II.  STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether

---

[2]"Sedentary work" is defined as:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a) and 416.967(a).

the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply

4

correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Plaintiff makes no specific argument regarding error by the ALJ. Pl.'s Br. However, Plaintiff does cite as "Issues for Review" her physical limitations, mental assessments, current medical statements, current disability medical statements, and mental health evaluations. Id. at 1. She also requests the Court review her case and consider her newly submitted mental and physical medical evidence. Id. at 2. As explained below, there is no valid basis for reversal or remand.

### A. The Court Cannot Conduct a *De Novo* Review of the Record or Consider New Evidence Which Is Not Part of the Administrative Record

Plaintiff seemingly wants the Court to revisit the issue of disability *de novo*. The law does not allow the Court to do this. A determination as to whether there is substantial evidence in the record to support fact findings in a Social Security disability case does not involve reweighing evidence, trying issues *de novo*, or substituting the Court's judgment for that of the Commissioner. See Moore, 405 F.3d at 1211.

Plaintiff attached eighteen pages of new evidence to her brief. Pl.'s Br., pp. 3-20. Other than one document, the new evidence attached to Plaintiff's brief post-dates the ALJ's decision. See Pl.'s Br., pp. 3-20. Because this evidence was not presented at the administrative level, it cannot be considered by the Court when determining whether the Commissioner's decision is supported by substantial evidence.

A reviewing court, when presented with new evidence that was never presented for review at the administrative level, may only consider whether the new evidence necessitates

5

remand under sentence six of § 405(g); a reviewing court may not consider the new evidence in determining whether the Commissioner's final decision is supported by substantial evidence. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1267-68 (11th Cir. 2007); Norton v. Comm'r of Soc. Sec., 607 F. App'x 913, 917-18 (11th Cir. 2015) (*per curiam*); see also Wilson v. Apfel, 179 F.3d 1276, 1278-79 (11th Cir. 1999) (evidence attached to appellant's brief not properly before the court) (citing Cherry v. Heckler, 760 F.2d 1186, 1193 (11th Cir. 1985) (noting general principle that court's review is limited to certified administrative record)); Walters v. Barnhart, 184 F. Supp.2d 1178, 1185 (M.D. Ala. 2001) ("The plaintiff submits to the Court medical records which she did not present to the ALJ or the Appeals Council in support of her disability claim. These records are not part of the administrative record for review by this court.")

Plaintiff has never asked for a sentence six remand, and even if she were requesting such, she would have to show "good cause" for failing to produce the new evidence at the administrative level. See Ingram, 496 F.3d at 1267. Plaintiff fails to provide any reason, much less "good cause," for her failure to produce the evidence. Instead, Plaintiff simply asks the Court to consider her new evidence, seemingly seeking a *de novo* determination of disability, which is not allowed. See Moore, 405 F.3d at 1211. Thus, the new information is not properly before the Court and affords Plaintiff no basis for remand.

As for the one document not dated after the ALJ's decision, the information included in that document dates back to one medical visit in 2011, which is prior to the alleged date of onset. Pl.'s Br., p. 13. In the document, Plaintiff's physician discusses Plaintiff's complaints and diagnosis regarding her knees and hip. Id. As discussed in § III.B., the ALJ considered all of Plaintiff's ailments in determining her RFC, including her knees and hip, and there is

6

substantial evidence supporting the ALJ's decision Plaintiff is not disabled. Additionally, as with the rest of the new evidence, Plaintiff fails to provide good cause for why she did not present the document during the administrative level. See Ingram, 496 F.3d at 1267.

### B. The RFC Determination Is Supported by Substantial Evidence

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) & 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining whether a claimant can return to her past relevant work, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

Plaintiff does not make any argument the ALJ overlooked any facts or erred in determining Plaintiff was not disabled. Pl.'s Br., pp. 1-2. To the extent Plaintiff is

7

challenging the ALJ's RFC determination, the ALJ's decision is supported by substantial evidence. In formulating the RFC, the ALJ found Plaintiff could perform sedentary work, "except she can lift twenty pounds occasionally, ten pounds frequently. During an eight-hour workday, she can sit for a total of eight hours, stand for two hours total (ten to fifteen minutes at a time) during an eight-hour workday. She must avoid climbing ladders, ropes, or scaffolds, and crawling. She can occasionally climb stairs, stoop, crouch, or kneel." R. 22. The ALJ specifically stated he considered all of Plaintiff's symptoms, the extent to which the symptoms were supported by objective medical evidence, and opinion evidence. Id.

"'[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in [his] decision,' so long as the decision enables the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." Lewen v. Comm'r of Soc. Sec., 605 F. App'x 967, 968 (11th Cir. 2015) (quoting Dyer, 395 F.3d at 1211); see also Cooper v. Comm'r of Soc. Sec., 521 F. App'x 803, 808-09 (11th Cir. 2013) ("the ALJ stated that he considered the record in its entirety, and he was not required to discuss every piece of evidence in denying her application for disability benefits"). Here, the ALJ addressed all of Plaintiff's ailments in formulating the RFC.

First, the ALJ considered Plaintiff's degenerative joint disease of the knees and accounted for the physical capacity evaluation by Plaintiff's physician in the RFC by stating she can only stand for 15-20 minutes at a time for two hours in a workday. R. 23, 523. Next, as to Plaintiff's back and hip pain, the ALJ noted the existence of the back pain in Plaintiff's medical records, but specifically found there was no motor or sensory deficits, noting the need for a quad cane to ambulate. R. 23, 487-88. The ALJ further cited MRI results showing only minimal degenerative disc disease and mild neuroforaminal compromise. R. 520, 576. Third, the ALJ

8

cited Plaintiff's obesity, noting it has an impact on her ability to ambulate and specifically considered it in determining Plaintiff's RFC. R. 24. Lastly, the ALJ discussed Plaintiff's other subjective complaints, including arthritis in her hands, heart problems, rheumatoid arthritis, and depression, and found, based on substantial evidence, there were no severe limitations from these ailments. R. 19-21.

Considering all Plaintiff's ailments, including reports from medical visits, doctor's opinions, and Plaintiff's subjective complaints, the ALJ's RFC determination is supported by substantial evidence. Plaintiff does not cite to any information overlooked by the ALJ. Additionally, the Court did not find any information or condition overlooked by the ALJ.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 29th day of July, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA